IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGOBERTO MINAS,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>R. GROUNDS, Warden,<br><br>　　　　Respondent. | No. C 10-2549 LHK (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

　　　Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in 2008 finding him unsuitable for parole. Respondent was ordered to show cause why the writ should not be granted. Respondent filed an answer with a supporting memorandum and exhibits, and Petitioner filed a traverse. For the reasons discussed below, the petition is DENIED.

## BACKGROUND

　　　In 1987, Petitioner pleaded guilty to second degree murder and was sentenced to a term of 15 years-to-life in state prison in Los Angeles County Superior Court. At his parole suitability hearing on October 29, 2008, the Board found Petitioner to be unsuitable for parole. He challenged this decision unsuccessfully in habeas petitions filed in all three levels of the California courts. Petitioner thereafter filed the instant petition.

**DISCUSSION**

As grounds for federal habeas relief, Petitioner claims that his right to due process was violated because there was not "some evidence" that he would currently pose an unreasonable threat to the public. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* The parole hearing transcript makes it clear that Petitioner received an opportunity to be heard, and a statement of reasons why parole was denied. (Pet., Ex. at 58, 60-71.) In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claim challenging solely the sufficiency of the evidence supporting the Board's decision is without merit.

**CONCLUSION**

The petition for a writ of habeas corpus is DENIED.

Petitioner has failed to make a substantial showing that his claim amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: ___9/19/11___

LUCY H. KOH
United States District Judge